Crane v. Roberts.

CRANE *vs.* ROBERTS.

*R* agreed to pay for a quantity of hay, provided *L* should pronounce it mer-
chantable ; and *L* pronounced it "a fair lot, say merchantable ; not quite
so good as I expected ; the outside of the bundles some damaged by the
weather." *Held*, that *R* was not bound.

THIS was *assumpsit* upon a written contract made at *Bangor*, for
the delivery of from fifty to seventy tons of hay to the defendant in
*Boston*, for which he agreed to pay the plaintiff twenty dollars per
ton. It was further agreed " that Mr. *Joseph R. Lumbert* shall ex-
amine the hay now remaining here, and ready to be shipped, and if
he pronounces it a merchantable lot of hay, then this agreement shall
be binding on both parties; but should he pronounce it an inferior lot,
then this shall be null and void."

The plaintiff produced *Lumbert's* letter, addressed to the defen-
dant, in these terms :—" I have examined the hay agreeable to re-
quest of yourself and Mr. *Crane*, and must pronounce it a fair lot,
say merchantable, although not quite so good as I expected ;. the lot
opposite *Bangor*, some of it, rather coarse, partially covered with
boards, the outside of the bundles damaged some. The lot down
at *Stone's* place is not under cover as Mr. *Hatch* stated ; the outside
of the bundles damaged some by the weather. This lot was, before
screwed, of a superior quality." This letter, *Weston J.* before whom
the cause was tried, did not consider as pronouncing the hay to be
merchantable, within the terms of the contract; and directed a non-
suit, with leave to move the court to set it aside.

*McGaw* for the plaintiff.

*Greenleaf* and *Sprague* for defendant.

MELLEN C. J. in delivering the opinion of the court, observed that
though *Lumbert's* letter was far from being explicit, and free from
obscurity, yet they must regard the whole letter together, and not a

part only, as the expression of his opinion; and if the decision which he at first seemed to have given in favor of the plaintiff, was qualified and neutralized by what followed, the letter was, at best, but an equivocal approbation of the hay as merchantable. The qualifying language must have been used for some purpose; and some of the facts stated certainly negatived the approbation cautiously stated in the beginning. If part of a quantity of hay is *damaged*, the whole quantity cannot, with any propriety, be said to be *merchantable*. On such doubtful and contradictory evidence, the plaintiff cannot recover.

*Plaintiff nonsuit.*